IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GARY JONES, | |
| Plaintiff, | |
| v. | Civil Action No.: SAG-24-1570 |
| E. FARR, *Police Officer*, et al., | |
| Defendants. | |

**MEMORANDUM**

Self-represented Plaintiff Gary Jones filed this civil rights action against Officer Emma Farr, Officer Omar J. Vega, Detective William Quigley, Detective Jeffrey Melo, Officer Antonio Cornias, Case Worker Jill Muth, Teresa Day, Annette White, Darcell Gholson, and Diane Flynn.[1] ECF No. 1. On October 28, 2024, Defendants Muth, Day, Cornias, Quigley, and Vega filed a Motion to Dismiss. ECF No. 17. On February 14, 2025, Defendants Farr and Melo also moved for dismissal of the Complaint. ECF No. 27. Jones opposes both motions.[2] ECF Nos. 21, 29. Defendants replied. ECF Nos. 22, 30. A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons explained below, the Motions will be granted in part and denied in part.

**I. Background**

Jones alleges that on June 26, 2021, Baltimore Police Officer Farr falsely arrested him in violation of the Fourth Amendment, resulting in Case No. 121203010 in the Baltimore City Circuit Court. ECF No. 1 at 8. He asserts that his arrest was retaliatory for mistakenly naming Officer

---

[1] The Clerk will be directed to amend the docket to reflect Defendants' full and correct names. Defendants White, Gholson, and Flynn have not been served but, for the foregoing reasons, the Complaint must be dismissed against them for failure to state a claim.

[2] The Court notes that although two separate motions were filed, all of the responding defendants are represented by the Baltimore City Department of Law. Both motions assert that the arguments made apply to all of the Baltimore City defendants. ECF Nos. 17-1, 27-1.

Farr in a complaint to the Public Integrity Bureau ("PIB"), Complaint No. 2019-1990, concerning an assault responded to by another officer. *Id.* Jones states that he was misled by law enforcement into believing that Officer Farr was the responding officer rather than Officer Vega. *Id.* His PIB complaint alleged that Officer Vega failed to assist Jones in identifying his attacker. *Id.*

Jones contends that Officer Vega also retaliated against him for intending to file the PIB complaint by conspiring with Officers Farr and Cornias and the property manager of his apartment building, Annette White, to have him assaulted and arrested. ECF No. 1 at 8, 10. Prior to the arrest, Jones made numerous calls to PIB about Officer Vega and other officers. *Id.* at 10. Major Lansley, PIB Unit Commander, directed him to send a letter explaining how the officers were denying him police services. *Id.* Jones asked Ms. White to make him a copy, which she allegedly turned over to the offending officers. *Id.* He complained about Ms. White's behavior to Ms. Gholson, the district manager, who instructed him to send a letter outlining his issues and later set up a meeting for Jones to meet with Ms. Flynn, the regional manager. *Id.* at 10-11. Ms. Flynn threatened to evict Jones if he continued to complain. *Id.* at 11.

Jones describes the events leading up to his arrest as follows. On June 21, 2021, Jones was robbed and assaulted as he exited his apartment building. ECF No. 1 at 11. Officer M. Martin responded and "reluctantly" wrote a report and directed Jones to make an appointment with detectives. *Id.* Jones went to the police station on June 25, 2021, to review video footage, but upon arrival Detectives Quigley and Melo were not prepared and told him to return on June 28, 2021. *Id.* When he returned to his apartment building that evening, tenants were waiting at the entrance calling him "a snitch and other derogatory names;" one woman, Ernestine Wilkins, spit in his face and threw a beer can at him. *Id.* at 11-12. Jones knocked Ms. Wilkins to the ground,

causing Tonya Perkins and several other tenants to attack him. *Id.* at 12. Jones used a pocketknife to defend himself and was struck in the mouth with an axe handle. *Id.*

According to Jones, this assault was coordinated by the defendant officers because he filed the PIB complaint against Officer Farr. ECF No. 1 at 12. He states that Officer Farr secured a false warrant for his arrest while Jones was being treated in the emergency room for his injuries. *Id.* While detained, Jones wrote to Baltimore Police Department Commissioner Harrison about his false arrest and violation of his civil rights, which led to a second PIB complaint. *Id.* Jones was incarcerated from June 26 to December 8, 2021, when all charges against him were dismissed. *Id.* He contends that Ms. White conspired with the police to prevent the assaulting tenants from being held accountable. *Id.* Jones wrote to the Mayor's Office complaining that PIB was covering up the civil rights violations perpetrated by the officers in falsely arresting him. *Id.* at 12-13. He states that Teresa Day of the Mayor's Constituent Service Office intercepted and discarded his letter. *Id.* at 13. Jones further contends that Jill Muth of the Civilian Review Board deprived him of agency services when she conspired with the ACLU, NAACP, and the Baltimore Police Department to have Major Lansley and Officer Cornias to transfer districts in order to cover up their civil rights violations. *Id.*

Jones seeks monetary compensation for the assault and false arrest. ECF No. 1 at 14. He also requests injunctive relief to prevent further retaliatory action by Defendants and expunge the dismissed charges from his record. *Id.*

**II. Standard of Review**

Defendants all move to dismiss, arguing that Jones's Complaint fails to state a claim upon which relief can be granted. ECF Nos. 17, 27. To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint

"must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).

### III. Discussion

Defendants, in both Motions, assert that they are unable to decipher Jones' claims, stating that after he asserts false arrest, the Complaint "devolves from there." ECF No. 17-1 at 2-3. They argue the Complaint "is a hodgepodge of seemingly unrelated and jumbled issues and grievances without any context." *Id.* at 3. However, as demonstrated herein, the Court was able to discern and summarize Jones's Complaint, which liberally construed alleges false arrest, retaliation, and conspiracy by Defendants stemming from events between June 21 and June 26, 2021. Defendants Farr and Melo's Motion is the more responsive of the two. In that Motion, at least, Defendants argue that Jones does not provide any details about his arrest and do not establish a deprivation of liberty without consent or legal justification. ECF No. 27-1 at 3. Furthermore, they state that his alleged denial of police services does not constitute a cause of action under the Fourteenth Amendment. *Id.* at 4.

The Court construes Jones's Complaint as seeking relief under 42 U.S.C. § 1983 for violation of his constitutional rights. In order to state a Fourth Amendment claim under § 1983 for false arrest, a plaintiff must show that the arrest was made without probable cause. *See Brown*

4

*v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Street v. Surdyka*, 492 F.2d 368, 372–73 (4th Cir. 1974). Probable cause exists if "at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964); *accord Santos v. Frederick Cnty. Bd. of Comm'rs*, 725 F.3d 451, 466 (4th Cir. 2013); *see also Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017). A probable cause determination is governed by a totality of the circumstances test. *See Illinois v. Gates*, 462 U.S. 213, 230–31 (1983); *Smith*, 848 F.3d at 253; *United States v. Garcia*, 848 F.2d 58, 59–60 (4th Cir. 1988).

At minimum, Jones has alleged that there was no probable cause for his arrest because it was motivated solely by retaliation for filing a PIB complaint and therefore no legitimate basis for an arrest warrant was present. Moreover, contrary to Defendants' assertions, Jones does provide a timeline of events, explaining that the alleged retaliation and conspiracy culminated in his false arrest on June 26, 2021; Jones even provides the specific criminal case which was initiated as a result.[3] ECF No. 1 at 8; *see also* ECF No. 29 at 1. Thus, assuming the allegations in the Complaint are true, Jones has pleaded sufficient facts to establish a claim that he was falsely arrested in violation of the Fourth Amendment.

To state a claim of retaliation for exercising First Amendment rights, a plaintiff must show that (1) the plaintiff engaged in protected First Amendment activity; (2) the defendant took some action that adversely affected plaintiff's First Amendment rights; and (3) there was a causal relationship between the protected activity and the defendant's conduct. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005). Jones's Complaint

---

[3] A search of the Maryland Judiciary Case Search shows that all charges in the case were disposed of as nolle prosequi. *See Maryland v. Jones*, Case No. 121203010 (Balt. City. Cir. Ct.), https://casesearch.courts.state.md.us/casesearch/ (last visited July 22, 2025).

5

asserts that he filed a PIB complaint mistakenly naming Defendant Farr rather than Defendant Vega, which motivated Defendants to arrest Jones without probable cause. The Court finds that this is adequate to state a First Amendment claim for retaliation.

The Court does, however, agree that to the extent Jones asserts that his Fourteenth Amendment rights were violated because he was not provided police services on request, his claim must fail. The Due Process Clause does not confer an "affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interest of which the government itself may not deprive the individual." *Callahan v. N. Carolina Dep't of Pub. Safety*, 18 F.4th 142, 146 (4th Cir. 2021) (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) (internal quotations omitted)). Moreover, to the extent Jones asserts that he was not afforded equal protection, he fails to allege how Defendants treated him differently from similarly situated individuals. The Equal Protection Clause generally requires the government to treat similarly situated people alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To show that their equal protection rights were violated, a plaintiff must demonstrate that they were treated differently than similarly situated individuals and the discrimination was intentional or purposeful. *See Williams v. Bitner*, 307 F. App'x 609, 611 (3d Cir. 2009) (citing *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985)). Jones has not pleaded any facts which demonstrate that such a claim has accrued on his behalf. Accordingly, all of Jones's Fourteenth Amendment claims will be dismissed.

Finally, although neither motion addresses it, Jones alleges numerous times that Defendants conspired with each other to harm him. To establish a civil conspiracy under § 1983, a plaintiff must present evidence that defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right.

*See Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 421 (4th Cir. 1996). A plaintiff asserting a claim of conspiracy has a "weighty burden." *Barrett v. Pae Gov't Servs., Inc.*, 975 F.3d 416, 434 (4th Cir. 2020) (quoting *Hinkle*, 81 F.3d at 421). An essential element for a claim of conspiracy to deprive a plaintiff of a constitutional right, is an agreement to do so among the alleged co-conspirators. *See A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011). Without an agreement, the independent or parallel conduct of two or more wrongdoers do not amount to a conspiracy. *See id.* Without a deprivation of a constitutional right, a conspiracy claim is not stated. *Massey v. Ojaniit*, 759 F.3d 343, 357–58 (4th Cir. 2014); *see also Glassman v. Arlington Cnty., VA*, 628 F.3d 140, 150 (4th Cir. 2010). Here, while Jones alleges that Defendants conspired to violate his Fourth Amendment rights, he fails to plead facts which show there was any agreement amongst Defendants to act in concert. Jones makes only conclusory statements of their misconduct which are insufficient to establish a civil conspiracy claim against them and therefore it must be dismissed against all Defendants.[4]

Having failed to establish his conspiracy claims against Defendants White, Gholson, and Flynn, they must be dismissed because none of them are state actors and therefore cannot be held liable under § 1983. In limited circumstances, seemingly private conduct can be the subject of a § 1983 suit. "[W]e have recognized four exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*,

---

[4] Jones makes only Fourteenth Amendment and conspiracy claims against Defendants Muth and Day. As all those claims will be dismissed, Muth and Day will be dismissed from this suit.

191 F.3d 499, 507 (4th Cir. 1999) (citing *Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993)). "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews*, 998 F.2d at 217. Only the first exception is possibly applicable to Jones's allegations. He, however, has not plead anything more than conclusory statements about how White, Gholson, and Flynn, who are employees of Jones's apartment building, participated in a conspiracy with the officers. Therefore, their alleged actions are private in nature and not subject to suit under § 1983.

### IV. Conclusion

For the foregoing reasons, Defendants' Motions to Dismiss are granted in part and denied in part. Defendants Muth, Day, White, Gholson, and Flynn are dismissed. Jones's claims of retaliation and false arrest shall proceed against Defendants Farr, Vega, Quigley, Melo, and Cornias; all others are dismissed. Defendants shall answer or otherwise respond to the remaining claims within 30 days.

A separate Order shall issue.

__July 23, 2025__  
Date

_____/s/_____  
Stephanie A. Gallagher  
United States District Judge